IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMANTHA MURRAY, | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| DOVER DOWNS, INC., | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

**COMPLAINT**

1.  Plaintiff Samantha Murray is a resident of the State of Delaware, residing at 18 Loockerman Court, Dover, Kent County, Delaware.

2.  Defendant Dover Downs, Inc., is a Delaware corporation whose registered agent for service of process is Klaus N. Belohoubek, 3505 Silverside Road, Plaza Centre Building, Suite 203, Wilmington, Delaware 19810.

3.  Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*, and of 42 U.S.C. §1981.

4.  Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3) and by 28 U.S.C. §1343.

5.  Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

6.  Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, and under 42 U.S.C. §1981, to redress the wrongs done to her by

Defendant's discrimination against her on the basis of her sex and race and on the basis of retaliation.

7. Plaintiff timely submitted a complaint of discrimination to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

9. Plaintiff has timely filed this Complaint within 90 days of her receipt of the Notice of Right to Sue.

10. Plaintiff is a black female.

11. Plaintiff began employment by Defendant at its Dover, Delaware, location as a security guard in approximately November 1995, and subsequently was promoted to a management position in the security department.

12. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

13. At all times relevant to this Complaint, Plaintiff's immediate supervisor was a white male, and her co-workers were predominantly white and male.

14. During the period of her employment, Plaintiff has suffered severe and pervasive sexual harassment from both her white male supervisors and her white male co-workers such that a hostile working environment has been created.

15. Early in her employment, after complaining about sexual harassment by a co-worker, Plaintiff was informed by her supervisor that she needed to have a "thick skin" regarding the

harassment, and accordingly, Plaintiff ceased complaining about the sexual harassment for an extended period of time, even though the harassment was unwelcome, for fear of losing her job.

16. In addition, throughout her employment, Plaintiff suffered discrimination on the basis of her race.

17. Despite her fear of losing her job, Plaintiff complained to human resources personnel of Defendant regarding sexual harassment by her co-workers and her immediate supervisor. Defendant's response to these complaints was inadequate and inappropriate, including the involvement of Plaintiff's immediate supervisor, Lee Ford, in the investigation of the complaints.

18. In March 2005, Plaintiff submitted an application for a promotion. Defendant denied Plaintiff the promotion in retaliation for her complaints of sexual harassment and on the basis of her race.

19. As a result of the hostile work environment and discrimination to which Plaintiff has been subjected, Plaintiff has suffered mental and emotional anguish requiring treatment by health care professionals.

20. In May 2005, Plaintiff suffered a work-related injury and as a result has been unable to perform the duties of her position. Defendant has denied Plaintiff the opportunity for light duty work, which she could have performed, on the basis of her sex and her race and in retaliation for her complaints of discrimination.

21. The wrongful acts committed by Defendant and its agents, as stated hereinabove, were wilful, wanton, and committed in bad faith.

### COUNT I - TITLE VII VIOLATIONS

22. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 21 hereinabove.

23. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her sex in violation of 42 U.S.C. §2000e, *et seq*.

24. Defendant has also violated 42 U.S.C. §2000e, *et seq.*, by retaliating against Plaintiff due to her complaints of discrimination and her filing of a claim with the DDOL and the EEOC.

25. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages, including a reduction in her short term disability payments.

WHEREFORE, Plaintiff Samantha Murray demands judgment against Defendant for:

    a. Back pay, including interest;

    b. Compensatory damages, including damages for pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    c. Receipt of the promotion to which she was entitled or, in the alternative, front pay;

    d. Punitive damages;

  e. Pre-judgment and post-judgment interest;

  f. Attorney's fees; and

  g. Any other relief that this Court deems just.

### COUNT II - VIOLATIONS OF 42 U.S.C. §1981

26. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 25 hereinabove.

27. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of her race, Defendant has violated 42 U.S.C. §1981.

28. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff Samantha Murray demands judgment against Defendant for:

  a. Back pay, including interest;

  b. Compensatory damages, including damages for pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

  c. Receipt of the promotion to which she was entitled or, in the alternative, front pay;

  d. Punitive damages;

  e. Pre-judgment and post-judgment interest;

  f. Attorney's fees; and

  g. Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
   WILLIAM D. FLETCHER, JR.
   Bar I.D. #362

BY: _____
   NOEL E. PRIMOS, ESQUIRE
   Bar I.D. #3124

BY: _____
   ADAM C. GERBER, ESQUIRE
   Bar I.D. #4653
   414 S. State Street
   P.O. Box 497
   Dover, DE  19903
   (302) 674-0140
   Attorneys for Plaintiff

DATED: 5-16-06
NEP:pmw

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Samantha Murray

**DEFENDANTS**
Dover Downs, Inc., a Delaware corporation

(b) County of Residence of First Listed Plaintiff **Kent**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Schmittinger & Rodriguez, P.A.
414 S. State Street, P.O. Box 497
Dover, DE 19903    (302) 674-0140

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. 2000e et seq. and 42 U.S.C. 1981
Brief description of cause: to redress Defendant's discrimination on basis of race and sex against Plaintiff, as well as retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 5-16-06
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____