IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMANTHA MURRAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 06-329 (KAJ) |
| | : | |
| DOVER DOWNS, INC. | : | |
| | : | |
| Defendant. | : | |

## ANSWER

Defendant Dover Downs, Inc. ("Dover Downs") hereby answers the Complaint of Plaintiff Samantha Murray ("Plaintiff") as follows: Dover Downs denies each and every averment of the Complaint except as expressly admitted below.

1. Admitted.

2. Dover Downs admits that it is a Delaware corporation, and that Klaus M. Belohoubek is its registered agent for service of process.

3. Admitted.

4. Dover Downs admits that this Court has jurisdiction over this matter under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1343.

5. Dover Downs admits that venue is proper in the United District Court for the District of Delaware.

6. It is admitted that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981. It is denied that Plaintiff is entitled to relief pursuant to those statutes or on any other basis.

- 2 -

7. It is admitted only that Plaintiff submitted a Charge of Discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission. It is denied that the Charge covered all claims alleged in Plaintiff's Complaint with this Court.

8. It is admitted only that the EEOC issued a Notice of Right to Sue. It is denied that the Notice covered all claims alleged in Plaintiff's Complaint with this Court.

9. It is admitted that Plaintiff filed her Complaint with this Court within 90 days of the EEOC's Notice of Right to Sue. It is denied that the Notice covered all claims alleged in Plaintiff's Complaint with this Court.

10. Admitted.

11. It is admitted that Plaintiff began her employment as a security guard with Dover Downs in or around November 1995. It is further admitted that Dover Downs subsequently promoted Plaintiff to a Manager position in the Security Department.

12. It is admitted that Plaintiff was qualified for the positions she held during her employment with Dover Downs.

13. It is admitted only that Lee Ford, a Caucasian male, was Plaintiff's immediate supervisor since approximately 2003. It is denied that Plaintiff's co-workers were predominantly Caucasian males.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT I – TITLE VII

22. Dover Downs incorporates its responses to Paragraphs 1 through 21 as if set forth at length herein.

23. Denied.

24. Denied.

25. Denied.

## COUNT II – 42 U.S.C. § 1981

26. Dover Downs incorporates its responses to Paragraphs 1 through 25 as if set forth at length herein.

27. Denied.

28. Denied.

**WHEREFORE,** Defendant Dover Downs, Inc. requests that the Court dismiss the Complaint with prejudice and enter any further relief, including costs and attorneys' fees to Dover Downs, as this Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, laches, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because she failed to exhaust her administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Dover Downs, at all times, acted in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

The alleged conduct was not sufficiently severe or pervasive to unreasonably interfere with Plaintiff's work performance and thus does not constitute a hostile work environment.

### SEVENTH AFFIRMATIVE DEFENSE

The allegations do not constitute unlawful sexual harassment.

### EIGHTH AFFIRMATIVE DEFENSE

Dover Downs exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Dover Downs or to avoid harm otherwise.

### NINTH AFFIRMATIVE DEFENSE

Dover Downs cannot be liable for alleged harassment of Plaintiff since Plaintiff did not timely complain of the alleged harassment, nor did she give Dover Downs an opportunity to take corrective action.

**TENTH AFFIRMATIVE DEFENSE**

Dover Downs' actions or inactions were not the proximate legal or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

**ELEVENTH AFFIRMATIVE DEFENSE**

Dover Downs is not liable to Plaintiff because, at all relevant times, Dover Downs made good-faith efforts to comply with all applicable laws and otherwise conducted itself reasonably under the circumstances.

**WHEREFORE,** Defendant Dover Downs, Inc. requests that the Court dismiss the Complaint with prejudice and enter any further relief, including costs and attorneys' fees to Dover Downs, as this Court deems appropriate.

Dated: June 15, 2006                                  Respectfully submitted,

                                                        /s/ Noel C. Burnham
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE  19801
(302) 504-7800
nburnham@mmwr.com

Attorneys for Defendant Dover Downs, Inc.

**CERTIFICATE OF SERVICE**

      This is to certify that two (2) hard copies of the attached pleading which was filed and served electronically on June 15, 2006, were served by U.S. First Class mail, postage pre-paid this 15th day of June, 2006, on the following at the address noted:

William D. Fletcher, Jr., Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE  19903

*Attorneys for Plaintiff*

                                        /s/ Noel C. Burnham
                               Noel C. Burnham (DE Bar I.D. #3483)